UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLLEEN REBAR, | * | Civil Action No. |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| COMMUNITY RESIDENCES, INC., | * | October 21, 2019 |
| | * | |
| Defendant. | * | |

## COMPLAINT

The plaintiff, Colleen Rebar ("Rebar" or "plaintiff"), by her counsel, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, complaining of the defendant herein, respectfully alleges as follows:

## NATURE OF THE CLAIMS

1. This action is brought to remedy discrimination on the basis of disability in the terms and condition of employment and retaliation for opposition to unlawful practices, in violation of Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, and the Family and Medical Leave Act of 1993 and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

2. The Plaintiff seeks monetary relief including, but not limited to: back pay, front pay, compensatory damages, attorney's fees and the costs of this action, and any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. This action arises under Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 1601, *et seq.*

5. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that plaintiff, Colleen Rebar resides in Connecticut, was employed by the defendant in Connecticut, her claims arose in this district, and substantial actions occurred in this district.

## EXHAUSTION OF REMEDIES

6. Colleen Rebar filed a timely claim with the Connecticut Commission of Human Rights and Opportunities and the Equal Employment Opportunity Commission (EEOC).

7. The EEOC issued a "Right to Sue" Letter dated March 25, 2019 (Exhibit A).

8. Due to a clerical issue, the Right to Sue letter was not mailed to the Plaintiff, but instead was sent to her at the Defendant's address.

9. Upon learning of that mistake, the EEOC mailed the Right to Sue Letter to the Plaintiff on September 13, 2019, along with a cover letter explaining the mistake (Exhibit B).

10. The plaintiff has commenced this federal lawsuit within ninety (90) days of the plaintiff's receipt of the Notice of Right to Sue letter and as a result, the plaintiff has

fully complied with the administrative pre-requisites of Title VIII, the ADA, FMLA and all other applicable statutes.

11. All conditions precedent to this lawsuit have been fulfilled.

## PARTIES

12. The plaintiff, Colleen Rebar, is a female resident of Connecticut who resides at 41 Maplewood Drive, Clinton, Connecticut.

13. The defendant, Community Residences, Inc. ("CRI") is a Connecticut corporation with a principal place of business located at 50 Rockwell Road, Newington, Connecticut.

## FACTS

14. On or about July 31, 2015, Rebar began working for CRI as a Behaviorist, and was later promoted to a Behavioral Specialist.

15. On July 10, 2015, Rebar was in a car accident, and as a result, had a severe concussion and a traumatic brain injury, among other injuries.

16. The accident happened after Rebar signed an Offer of Employment Letter from CRI, but before she reported for her first day of work at CRI.

17. As a result of the injuries sustained in the accident, Rebar had to udergo physical therapy treatment three days each week.

18. Rebar adjusted her work hours on those three days so that she could leave for the medical treatment, but still complete her work in a timely manner.

19. Each time Rebar had to change her work hours, she let her supervisor know that she was doing so, and for what reason because of the frequent interruptions the medical treatment caused in her work-week.

20. Rebar's treating physicians diagnosed her as suffering from chronic migraines, severe gastrointestinal issues, and celiac disease.

21. In January 2017, Rebar took a 3-week FMLA leave due to the gastrointestinal condition.

22. In December 2017, Rebar submitted a request for a second FMLA leave.

23. The FMLA request was approved, and Rebar began her leave on December 12, 2017.

24. Rebar's estimated return to work date was February 19, 2018, at the time the request was approved.

25. On or about January 24, 2018, while Rebar was still on medical leave, the Director of Human Resources called Rebar and said that her employment was terminated effective February 1, 2018, because the department Rebar worked in was closed down.

26. On or about January 30, 2018, Rebar's treating physician gave her clearance to return to work with no restrictions.

27. If Rebar had not been laid off prior to that date, she would have returned to work immediately, prior to the expiration of her FMLA leave on February 19, 2018.

28. At that time, Rebar was unable to return to work because her position had been eliminated, and no alternative position was offered to her.

{!01870738.DOC; v.}4

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

29. Although Rebar was qualified for numerous open positions that CRI was interviewing for, she was told that she would have to apply for one of those positions as a new applicant to be considered with the other outside candidates, and begin the employment process all over again.

30. On documentation received from CRI after Rebar's discussions with human resources, her termination date was listed as February 19, 2018, the date Rebar was originally scheduled to return to work from her FMLA leave.

31. The termination of Rebar's employment arose directly, at least in part, from her disability and appropriate use of FMLA leave.

## COUNT ONE
### Discrimination in Violation of
### Americans with Disabilities Act, 42 U.S.C. 12101

32. Rebar re-alleges and incorporates by reference Paragraphs 1 through 31 as if fully stated herein.

33. By the above acts and practices, CRI has discriminated against the plaintiff on the basis of her disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, by terminating her employment while she as out of work on FMLA; by failing to offer Rebar an alternative position, even though she had been given clearance to return to work with no restrictions; and by forcing Rebar to apply for open positions as a new applicant to be considered with other outside candidates, and to begin the employment process all over again, even though she was qualified for said open positions and other employees, who were also laid off, were offered similar positions within the company and did not have their employment terminated and did not have to re-interview or re-engage in the hiring process.

34. Rebar has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT TWO
### Retaliation in Violation of
### Americans with Disabilities Act 42 U.S.C. 12101

35. Rebar re-alleges and incorporates by reference Paragraphs 1 through 31 as if fully stated herein.

36. By terminating Rebar, CRI retaliated against her for the disabilities for which she suffered, and was out of work on FMLA for.

37. As a direct and proximate result of the conduct and acts of the defendant in violation of the Americans with Disabilities Act, the plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, including, but not limited to: loss of past and future income, wages, compensation, seniority, tenure and other benefits of employment, as well as, emotional distress and physical pain and suffering, for which she is entitled to an award of monetary damages and other equitable relief.

38. CRI engaged in these discriminatory practices with malice and with reckless indifference to the plaintiff's rights protected under federal law.

39. Rebar has incurred attorney's fees in pursuit of these claims.

## COUNT THREE
### Discrimination in Violation of FMLA

40. Rebar re-alleges and incorporates by reference Paragraphs 1 through 31 as if fully stated herein.

{!01870738.DOC; v.}6

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

41. By the above acts and practices, CRI has discriminated against the plaintiff in violation of the Family and Medical Leave Act, by terminating her employment while she as out of work on FMLA; by listing her termination date as February 19, 2018, even though she had been given clearance to and was fully prepared to return to work on January 30, 2018, had she not been told her employment was terminated effective February 1, 2018; and by failing to offer Rebar an alternative position, even though she had been given clearance to return to work with no restrictions; and by forcing Rebar to apply for open positions as a new applicant to be considered with other outside candidates, and to begin the employment process all over again, even though she was qualified for said open positions and other employees, who were also laid off, were offered similar positions within the company and did not have their employment terminated and did not have to re-interview or re-engage in the hiring process.

42. Rebar has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

## COUNT FOUR
### Retaliation in Violation of FMLA

43. Rebar re-alleges and incorporates by reference Paragraphs 1 through 31 as if fully stated herein.

44. The plaintiff exercised her rights under the Family and Medical Leave Act.

45. The plaintiff was qualified for the position she held at CRI prior to the termination of her employment.

{!01870738.DOC; v.}7

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

46. The plaintiff suffered an adverse employment action, that being the termination of her employment.

47. The termination of Rebar's employment occurred because of the exercise of her rights under FMLA.

48. CRI failed to protect Rebar's position or offer her a similar position upon her return from FMLA leave.

49. Rebar has suffered and will continue to suffer damages, including, but not limited to, past and future lost wages and fringe benefits, interest, emotional and psychological distress, loss of reputation, loss of earning capacity and loss of the ability to enjoy life's pleasures and activities.

50. CRI engaged in these discriminatory practices with malice and with reckless indifference to the plaintiff's rights protected under federal law.

51. Rebar has incurred attorney's fees in pursuit of these claims.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Take jurisdiction over this matter;
2. Award compensatory and punitive damages as allowed by statute;
3. Award attorney's fees and costs, including expert witness expenses;
4. Grant plaintiff a trial by jury; and
5. Grant such other and further relief as may be just and equitable.

{!01870738.DOC; v.}8

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

PLAINTIFF,
COLLEEN REBAR

BY: _____
Theodore W. Heiser, ct23807
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tele. No.: (860)442-4416
Fax No.: (860) 442-0495
Email: theiser@sswbgg.com
Her Attorney

{!01870738.DOC; v.}9

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLLEEN REBAR, | * | Civil Action No. |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| COMMUNITY RESIDENCES, INC., | * | October 21, 2019 |
| | * | |
| Defendant. | * | |

## JURY TRIAL CLAIM

The plaintiff, Colleen Rebar, claims a trial by jury on all claims triable by jury.

                      PLAINTIFF,
                      COLLEEN REBAR

BY: _____
Theodore W. Heiser, ct23807
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tele. No.: (860)442-4416
Fax No.:  (860) 442-0495
Email:  theiser@sswbgg.com
Her Attorney