UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLLEEN REBAR,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMUNITY RESIDENCES, INC.<br><br>          Defendant. | CIVIL ACTION NO.: 3:19-cv-01656-MPS<br><br><br><br><br><br><br><br>DECEMBER 20, 2019 |

## DEFENDANT COMMUNITY RESIDENCES, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Community Residences, Inc. ("CRI" or "Defendant"), hereby responds to the Complaint of Plaintiff Colleen Rebar ("Plaintiff"), as follows:

### NATURE OF THE CLAIMS

1. The allegations set forth in Paragraph 1 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 1 contains factual allegations, they are denied. Plaintiff is left to her proof.

2. The allegations set forth in Paragraph 2 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 2 contains factual allegations, they are denied. Plaintiff is left to her proof.

### JURISDICTION AND VENUE

3. The allegations set forth in Paragraph 3 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 3 contains factual allegations, they are denied. Plaintiff is left to her proof.

4. The allegations set forth in Paragraph 4 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 4 contains factual allegations, they are denied. Plaintiff is left to her proof.

5. The allegations set forth in Paragraph 5 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 5 contains factual allegations, they are denied. Plaintiff is left to her proof.

## EXHAUSTION OF REMEDIES

6. The allegations set forth in Paragraph 6 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 6 contains factual allegations, they are denied. Plaintiff is left to her proof.

7. The document speaks for itself; therefore, the allegations in Paragraph 7 are denied. Plaintiff is left to her proof.

8. CRI is without information sufficient to admit or deny what may have occurred as it relates to a Right to Sue Letter; therefore the allegations in Paragraph 8 are denied. Plaintiff is left to her proof.

9. The document speaks for itself; therefore, the allegations in Paragraph 9 are denied. Plaintiff is left to her proof.

10. The allegations set forth in Paragraph 10 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 10 contains factual allegations, they are denied. Plaintiff is left to her proof.

11. The allegations set forth in Paragraph 11 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 11 contains factual allegations, they are denied. Plaintiff is left to her proof.

## PARTIES

12. CRI admits that, upon information and belief and according to its personnel records, Plaintiff identifies as female. CRI is without information sufficient to admit or deny Plaintiff's residency; therefore the allegations in Paragraph 12 are denied. Plaintiff is left to her proof.

13. CRI admits that it is a Connecticut non-stock corporation with a business location at 50 Rockwell Road, Newington, Connecticut. The remaining allegations are denied. Plaintiff is left to her proof.

## **FACTS**

14. CRI admits that Plaintiff was hired as a Behaviorist and later became a Behavioral Supervisor. Any remaining allegations in Paragraph 14 are denied. Plaintiff is left to her proof.

15. CRI is without information sufficient to admit or deny Plaintiff's alleged car accident and medical issues; therefore the allegations in Paragraph 15 are denied. Plaintiff is left to her proof.

16. CRI is without information sufficient to admit or deny allegations related to an alleged accident; therefore the allegations in Paragraph 16 are denied. Plaintiff is left to her proof.

17. CRI is without information sufficient to admit or deny Plaintiff's alleged injuries and/or medical treatment; therefore the allegations in Paragraph 17 are denied. Plaintiff is left to her proof.

18. CRI is without information sufficient to admit or deny Plaintiff's alleged medical issues; therefore the allegations in Paragraph 18 are denied. Plaintiff is left to her proof.

19. CRI is without information sufficient to admit or deny Plaintiff's allegations; therefore the allegations in Paragraph 19 are denied. Plaintiff is left to her proof.

20. CRI is without information sufficient to admit or deny Plaintiff's medical-related issues; therefore the allegations in Paragraph 20 are denied. Plaintiff is left to her proof.

21. CRI admits that Plaintiff was on an FMLA leave in January of 2017. Any remaining allegations in Paragraph 21 are denied. Plaintiff is left to her proof.

22. CRI admits that Plaintiff requested leave in December of 2017. Any remaining allegations in Paragraph 22 are denied. Plaintiff is left to her proof.

23. CRI admits that an FMLA request was approved for Plaintiff during her employment. Any remaining allegations in Paragraph 23 are denied. Plaintiff is left to her proof.

24. CRI admits that Plaintiff's anticipated return to work date according to an FMLA certification document was February 19, 2018. Any remaining allegations are denied. Plaintiff is left to her proof.

25. Denied. Plaintiff is left to her proof.

26. CRI is without information sufficient to admit or deny Plaintiff's allegations; therefore the allegations in Paragraph 26 are denied. Plaintiff is left to her proof.

27. CRI is without information sufficient to admit or deny Plaintiff's allegations; therefore the allegations in Paragraph 27 are denied. Plaintiff is left to her proof.

28. CRI is without information sufficient to admit or deny whether Plaintiff could return to work. CRI admits only that Plaintiff never applied for any other open positions at CRI despite being encouraged to do so. Plaintiff is left to her proof.

29. Denied. Plaintiff is left to her proof.

30. Any relevant documents speak for themselves. The remaining allegations in Paragraph 30 are denied. Plaintiff is left to her proof.

31. Denied. Plaintiff is left to her proof.

## COUNT ONE
### Discrimination in Violation of
### Americans with Disabilities Act, 42 U.S.C. 12101

32. CRI incorporates by reference its responses to Paragraphs 1 through 31 as if set forth in full.

33. The allegations set forth in Paragraph 33 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 33 contains factual allegations, they are denied. Plaintiff is left to her proof.

34. The allegations set forth in Paragraph 34 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 34 contains factual allegations, they are denied. Plaintiff is left to her proof.

## COUNT TWO
### Retaliation in Violation of
### Americans with Disabilities Act, 42 U.S.C. 12101

35. CRI incorporates by reference its responses to Paragraphs 1 through 34 as if set forth in full.

36. Denied. Plaintiff is left to her proof.

37. The allegations set forth in Paragraph 37 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 37 contains factual allegations, they are denied. Plaintiff is left to her proof.

38. The allegations set forth in Paragraph 38 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 38 contains factual allegations, they are denied. Plaintiff is left to her proof.

39. The allegations set forth in Paragraph 39 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 39 contains factual allegations, they are denied. Plaintiff is left to her proof.

## COUNT THREE
### Discrimination in Violation of FMLA

40. CRI incorporates by reference its responses to Paragraphs 1 through 39 as if set forth in full.

41. The allegations set forth in Paragraph 41 are conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 41 contains factual allegations, they are denied.  Plaintiff is left to her proof.

42. The allegations set forth in Paragraph 42 are conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 42 contains factual allegations, they are denied.  Plaintiff is left to her proof.

## COUNT FOUR
### Retaliation in Violation of FMLA

43. CRI incorporates by reference its responses to Paragraphs 1 through 42 as if set forth in full.

44. The allegations set forth in Paragraph 44 are conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 44 contains factual allegations, they are denied.  Plaintiff is left to her proof.

45. Denied.  Plaintiff is left to her proof.

46. The allegations set forth in Paragraph 46 are conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 46 contains factual allegations, they are denied.  Plaintiff is left to her proof.

47. Denied.  Plaintiff is left to her proof.

48. Denied.  Plaintiff is left to her proof.

49. The allegations set forth in Paragraph 49 are conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 49 contains factual allegations, they are denied.  Plaintiff is left to her proof.

50. The allegations set forth in Paragraph 50 are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 50 contains factual allegations, they are denied; Plaintiff is left to her proof.

51. The allegations set forth in Paragraph 51 and the section entitled "prayer for relief" are conclusions of law to which no responsive pleading is required. To the extent that Paragraph 51 or the "prayer for relief" section contain factual allegations, they are denied. Plaintiff is left to her proof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted against CRI.

### SECOND AFFIRMATIVE DEFENSE

The claims set forth in Plaintiff's Complaint are barred to the extent that they fall outside the applicable statute of limitations including the ninety (90) day statute of limitations within which any claims under the Americans with Disabilities Act should have been filed, as noted in Exhibit A of the Complaint (the Dismissal and Notice of Rights letter).

### THIRD AFFIRMATIVE DEFENSE

Any monetary relief Plaintiff seeks, or might otherwise be entitled to receive, must be reduced by the amounts Plaintiff earned, or with reasonable diligence could have earned through mitigation, or which otherwise failed to seek or accept, during the period for which she seeks monetary relief.

### FOURTH AFFIRMATIVE DEFENSE

CRI acted in a lawful manner at all times relevant to this action, and did not wrongfully terminate Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

All actions taken by CRI were taken in good faith, for reasonable and legitimate business reasons that had nothing to do with any disability or use of leave.

**SIXTH AFFIRMATIVE DEFENSE**

CRI denies that Plaintiff suffered any emotional or psychological distress, loss of reputation, or loss of the ability to enjoy life's pleasures and activities as a result of any action taken or not taken by CRI.  Any emotional, psychological and/or physical damages suffered by Plaintiff, the same being specifically denied, are attributed to a cause or causes wholly independent of CRI's actions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is barred, in whole or in part, on the basis of after-acquired evidence.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the claims sought were not included within any administrative charge of discrimination filed with a state administrative agency or were not investigated, conciliated, or processed by a state or federal agency, as required by law, Plaintiff has failed to exhaust administrative remedies and her claims are barred.

**NINTH AFFIRMATIVE DEFENSE**

While CRI expressly denies that any employee acted in a manner that would constitute violations of the Family Medical Leave Act or the Connecticut Fair Employment Practices Act, if any rights were violated, any such violation occurred outside the scope of employment and without the consent of CRI.  CRI does not authorize, condone, ratify or tolerate discrimination or retaliation based on disability or use of leave but instead prohibits such conduct and any such conduct may not be attributed to CRI through principles of agency, *respondeat superior* or

otherwise.

CRI expressly reserves the right to assert additional defenses, counterclaims, or any other claims that it may deem appropriate after further proceedings in this case.

Dated Hartford, Connecticut this 20th day of December, 2019.

DEFENDANT,
COMMUNITY RESIDENCES, INC.

By */s/ Abby M. Warren*
    Abby M. Warren (ct30077)
    Email:  awarren@rc.com
    Rachel V. Kushel (ct27143)
    Email:  rkushel@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel. No. (860) 275-8200
    Fax No. (860) 275-8299
    Its Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2019, the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I hereby certify that a copy of the foregoing has been sent by U.S. Mail to all counsel and parties of record this 20th day of December, 2019, as follows:

Theodore W. Heiser, Esq.
Suisman Shapiro
2 Union Plaza, P.O. Box 1591
New London, CT  06320
theiser@sswbgg.com

>  */s/ Abby M. Warren*
>   Abby M. Warren